UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 2:22-CR-119 |
| | Filed Electronically |
| v. | |
| SETH AIKENS | |

## MOTION TO DISMISS FOR SPOLIATION OF EVIDENCE

And now comes the Defendant, Seth Aikens, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, and moves this Honorable Court to enter an Order Dismissing the Indictment, and avers as follows in support thereof:

1. Seth Aikens ("Mr. Aikens" hereinafter) was named in a superseding indictment at the above captioned Criminal Number, with counts 1 through 17 for wire fraud, counts 18 through 24 for mail fraud, and counts 25 through 30 for money laundering.

2. Mr. Aikens has entered a plea of NOT GUILTY.

**BACKGROUND**

3. The government executed search warrant in the above captioned matter and obtained encrypted drives which contained his personal files, projects, client projects and backups, attorney-client communications, and other highly personal data and case related data. [1]

---

[1] Hereinafter *"Digital Evidence"*

4. Mr. Aikens contends that these drives contained exculpatory materials critical to his defense.

5. Mr. Aikens contends that the Government has failed to properly preserve such evidence thus causing the evidence to be irretrievable and unrecoverable.

6. Due to the government's forensic failures during the seizure process, the encrypted drives at issue have been rendered permanently inaccessible.

7. This inaccessibility is not attributable to any action or inaction by the defendant, Seth Aikens.

8. The loss of this evidence raises significant spoilation concerns, as it directly implicates Mr. Aikens' right to due process and his right to a fair trial.

9. The remedy for this loss should warrant a dismissal of the indictment in the instant matter. *United States v. Dudenhoefer*, No. 1:21-cr-39, 2025 U.S. Dist. LEXIS 4902, at *14 (W.D. Pa. Jan. 10, 2025).

**APPLICABLE LAW**

Spoilation is defined as the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Paramount Pictures Corp. v. Davis,* 234 F.R.D. 102, 110 (E.D. Pa. 2005) (quoting *Mosaid Techs., Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004)). [2]

---

[2] Spoilation is usually referenced in instances where evidence has been altered or destroyed," and "a finding of bad faith is pivotal to a spoilation determination.'" *United States v. Porter*, No. 18-68, 2019 U.S. Dist. LEXIS 142423, 2019 WL 3972822, at *6 (W.D. Pa. Aug. 22, 2019) (quoting *Bull*, 665 F.3d at 73, 79, and citing *Brewer*, 72 F.3d at 334 ("'No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.'")

As this Court has previously reasoned in *United States v. Miah*, No. 21-110, 2021 U.S. Dist. LEXIS 227689, at *7 (W.D. Pa. Nov. 29, 2021), in making a determination that spoliation of evidence occurred, a court must find that: "[1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. UPS*, 665 F.3d 68, 73 (3d Cir. 2012) (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995)).

If a party demonstrates that evidence has been subject to spoliation, there are a variety of sanctions that the Court in its discretion may impose, such as the dismissal of a claim or claims, the suppression of evidence, an adverse inference, fines, or attorney's fees and costs. *Id.* at 110-11. However, in exercising its discretion, the Court must consider the following factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Id.* (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

When looking to the first factor regarding degree of fault, "the Court must consider whether [the party that destroyed the evidence] intended to impair the ability of the other side to effectively litigate its case." *Id.* (quoting *In re Wechsler*, 121 F. Supp. 2d 404, 415

(D. Del. 2000); *citing Brewer v. Quaker State Oil Ref. Corp.,* 72 F.3d 326, 334 (3d Cir. 1995)).

With respect to the second factor, prejudice, "the Court should take into account whether [the party that did not destroy the evidence] had a meaningful opportunity to examine the evidence in question before it was destroyed*." Id.* at 112. In deciding on a sanction, the Court should choose the "least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim*." Id.* at 111; *United States v. Bunty*, 617 F. Supp. 2d 359, 370 (E.D. Pa. 2008).

**ANALYSIS**

Here, Mr. Aikens contends that the Government's failure to preserve the digital evidence retrieved pursuant to a search warrant, violates its obligations under Rule 16 of the Federal Rules of Criminal Procedure, which requires the disclosure of evidence material to the preparation of the defense. This failure also constitutes a grave breach of constitutional principles established in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, which mandate the government's duty to disclose exculpatory evidence to the defense. Additionally, this contravenes U.S. Magistrate Judge Maureen P. Kelly's order of May 24, 2022 (ECF Document Item 12), which put the government on notice to disclose *Brady* materials and other information favorable to the defense.

Despite assurances from the Government that they were processing electronic discovery, it is now apparent that they had not even begun attempting to process the digital evidence until months later, which contributed to the spoilation.

**CONCLUSION**

The permanent loss of access to this evidence has materially prejudiced Mr. Aikens' ability to prepare his defense, undermines any semblance of due process and can only be remedied by the dismissal of the charges within the indictment.

**REQUEST FOR A HEARING**

Mr. Aikens requests an evidentiary hearing in this matter.


Respectfully Submitted,

*/s/ Frank C. Walker II*
Frank C. Walker II

PA I.D. No. 94840
WV I.D. No. 11853

FrankWalkerLaw
3000 N. Lewis Run Road
Clairton, PA 15025
412.405.8556 Office
412.202.9193 Fax

Date:  February 3, 2025                    Counsel for Seth Aikens