IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 22-119 |
| | ) |
| SETH ALLEN AIKENS, II | ) |

**ORDER OF COURT**

AND NOW, this 14th day of April, 2025, upon consideration of certain pretrial motions filed by Defendant Seth Allen Aikens, II, (Docket Nos. 55, 56, 58, 59, 60, 62), the Government's Response thereto, (Docket No. 67 at 3-6, 9-14, 21-24), and Defendant's Reply, (Docket No. 70 at 3-4), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Writings, (Docket No. 55), is granted in part and denied in part. The Motion is granted to the extent Defendant requests the Government to retain rough notes and drafts of reports that fall within the purview of *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act") and *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). The Motion is denied to the extent it requests retention of materials that do not fall into the categories discussed in *Vella* and *Ammar*.

2. Defendant's Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements, (Docket No. 56), Motion for Early Disclosure of Jencks Material,

1

(Docket No. 58), and Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609,[1] (Docket No. 60), are denied as premature and without prejudice, as the Court will set deadlines for the disclosure of these materials in the pretrial order and otherwise lacks the authority to order the production of Jencks Act materials until after a Government witness testifies on direct examination.[2] In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b) / 609 evidence, (*see* Docket No. 60 at 3), likewise is denied as premature and without prejudice.[3]

3. Defendant's Motion for Disclosure of All Prior Testimony of Unindicted Co-Conspirators and/or Confidential Informants and For Disclosure of the Identity and Contact Information of the Same, (Docket No. 59), is denied as moot, given the

---

[1] Rule 404(b) requires the Government to provide written "reasonable notice" of other acts evidence that it intends to offer at trial, so that the defendant has a fair opportunity to meet it. *See* Fed. R. Evid. 404(b)(3)(A). What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2). In this case, the Government indicates that it does not intend to offer any evidence under Rule 609. (*See* Docket No. 67 at 14).

[2] The Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter of the witness' testimony. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). As such, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012). Nevertheless, in this Court's experience, the Government typically is willing to disclose such material sufficiently in advance of trial to avoid delay and in accordance with the Court's pretrial order. *See id.* at 248 n.18 (observing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies"). Similar to other cases, the Court's pretrial order in this case will encourage the Government to provide Jencks Act materials prior to the pretrial conference.

[3] Generally, "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023). With that said, the parties may opt to raise any 404(b) issues in motions in limine, for which filing deadlines will be established in the Court's pretrial order.

Government's response that there are no confidential informants or unindicted co-conspirators involved in this case. (*See* Docket No. 67 at 11).

4. Defendant's Formal Motion for Discovery, (Docket No. 62), is denied as moot to the extent he requests information which the Government already has provided or has indicated does not exist as set forth in the Receipt for Local Criminal Rule 16 Material, (*see* Docket No. 35), and it is further denied as premature and without prejudice given the Court's expectation that the Government will adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16, *Brady/Giglio* and the Jencks Act. To the extent Defendant believes any discovery items remain outstanding, he shall confer with the Government concerning his specific request. If such conferral does not resolve the matter, Defendant may file a renewed motion concerning the particular item(s) he seeks. *See* LCrR 16(E) ("Counsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court.").

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record