**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-119 |
| | ) | |
| SETH ALLEN AIKENS, II | ) | |

**MEMORANDUM ORDER**

Defendant Seth Allen Aikens, II is charged in a 30-count Indictment with the following: 17 counts of wire fraud, in violation of 18 U.S.C. § 1343 for conduct occurring on various dates between August 29, 2018 and March 21, 2020 (Counts 1-17); 7 counts of mail fraud, in violation of 18 U.S.C. § 1341, for conduct occurring on various dates between April 26, 2019 and August 15, 2019 (Counts 18-24); and 6 counts of money laundering, in violation of 18 U.S.C. § 1957(a), for conduct occurring on various dates between February 1, 2019 and April 22, 2019 (Counts 25-30). (Docket No. 3).

Presently before the Court is Defendant's Motion for Bill of Particulars, in which he requests that the Government provide the following information: (1) the means by which his identity was gleaned from any witnesses; (2) a copy of the photo or video used by witnesses to identify him; (3) a description of the manner in which the Government was alerted to him; (4) all relevant evidence regarding the individuals mentioned in the affidavits in support of the search warrant; (5) the methods used to access and/or extract encrypted files from devices seized from him; (6) the methods used to preserve and protect the files accessed and/or extracted from devices seized from him; (7) any records pertaining to the premises searched by the Government; (8) evidence and copies of the sign-off sheets, which the Government previously claimed to not have in its possession; and (9) a description and explanation by the Government and its agents regarding

the forensic investigation of him, and the reasons why encrypted drives have been rendered permanently inaccessible. (Docket No. 57 at 1-2). Notably, Defendant's Motion cites no authority in support of his request for a bill of particulars containing this information, nor does he otherwise explain why a bill of particulars is warranted. In his subsequently filed Reply, Defendant maintains that he needs the requested information to discern whether the Government spoliated evidence and to avoid potential surprise at trial. (Docket No. 70 at 2-3).

The Government opposes Defendant's Motion and responds that the "13-page Indictment . . . alleges in specific detail how [Defendant] defrauded customers." (Docket No. 67 at 7). To that end, the Government notes that the Indictment contains detailed allegations of fraudulent conduct specific to each defrauded victim, such as the fraudulent statements made by Defendant, relevant dates, amounts of money stolen from the victims, and specifics regarding how each victim was defrauded. (*Id.* at 7-8). Moreover, the Government points out that it has provided Defendant with a substantial volume of discovery regarding the alleged fraudulent conduct, and it also has shared with both his prior and current counsel the PowerPoint attached to the Government's Response, which summarizes the basis for the fraud counts, fraud losses, and the money laundering counts. (*Id.* at 8; *see also* Docket No. 67-1). Overall, the Government submits that the Indictment, along with the discovery that has been produced, provides Defendant with "more than enough information . . . to prepare a defense and to avoid surprise at trial." (Docket No. 67 at 8).

Before analyzing whether a bill or particulars is warranted, the Court initially observes that the Indictment in this case comports with the requirements of the Federal Rules of Criminal Procedure and case law construing the same. *See United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (determining sufficiency of indictment before resolving appeal of denial of bill of particulars). Pursuant to Rule 7(c)(1), an indictment "must be a plain, concise, and definite written

statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (citation omitted). "Usually, a recitation of the statutory language satisfies the first requirement, so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (internal quotation marks and citation omitted). "And typically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements." *Id.*

In this case, each count of the Indictment satisfies the requirements of Rule 7(c)(1) and is sufficiently pled in accordance with controlling Third Circuit authority discussed above. Each count informs Defendant of the statutory section he is charged with violating, sufficiently sets forth the elements of the charged offense, and specifies the time frame of the alleged criminal conduct. Moreover, although "detailed allegations" are unnecessary, *see United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (explaining that "detailed allegations" are not contemplated by Rule 7(c)(1)), the "Introduction" and "the Scheme and Artifice to Defraud"[1] sections of the Indictment provide Defendant with ample background and factual orientation relative to the charges against him. (*See* Docket No. 3, ¶¶ 1-55). Additionally, the numerous counts of wire fraud, mail fraud,

[1] Notably, "the Scheme and Artifice to Defraud" section of the Indictment contains detailed allegations of Defendant's alleged fraudulent conduct related to individuals identified as Clients R and EM, Client RB, Client CG, Client NB, Client SR, Client SA, Client MF, and Client TC. (*See* Docket No. 3, ¶¶ 18-55).

and money laundering charged in the Indictment provide further details about Defendant's alleged conduct.[2]

Moving on to Defendant's request, a bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." *Urban*, 404 F.3d at 771 (citation omitted). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *Id.* (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)). It is within the district court's discretion whether to grant a bill of particulars. *See* Fed. R. Crim. P. 7(f) ("The court ***may*** direct the government to file a bill of particulars.") (emphasis added); *United States v. Adams*, 759 F.2d 1099, 1113 (3d Cir. 1985); *Addonizio*, 451 F.2d at 64 (explaining that "the granting of a bill of particulars remains a discretionary matter with the trial court").

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the Government's investigation, but rather to give the defendant only that minimum amount of information necessary to allow him to conduct his own investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *Addonizio*, 451 F.2d at 64 (acknowledging that the Government is not required at the pre-trial stage to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants"). As discussed above, the Indictment in this case sufficiently provides the particulars of the offenses to place Defendant on notice of that with which he has been charged and to permit him to conduct his own

[2] For instance, each wire fraud count lists the date of the alleged conduct and describes the wire transfer, including the sender of the wire communication, the amount of money transferred, and identifies the accounts involved; each mail fraud count lists the date of the alleged conduct, identifies the sender and recipient addresses, and specifies the letter or package that was mailed; and each money laundering count lists the date of the alleged conduct and the nature and amount of the monetary transaction. *(See* Docket No. 3 at 10-12).

investigation. Defendant's request for the more specific "when, where and how" of the charges against him is tantamount to a request for broad discovery of the Government's evidence which is not the proper purpose of a bill of particulars. *See United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa. 1982) (A bill of particulars "is not a means by which the defendant may compel the disclosure of every detail of the preparation and theory behind the Government's case.").

    Moreover, in assessing the necessity of a bill of particulars, the Court also considers any information conveyed to a defendant beyond the allegations of the indictment, and notes that "access to discovery further weakens the case for a bill of particulars." *Urban*, 404 F.3d at 772; *see also United States v. Barnes*, 2:17-cr-00171, 2021 WL 6051561, at *18 (W.D. Pa. Dec. 20, 2021) (In ruling on a motion for a bill of particulars, "the Court considers the indictment itself, as well as 'all of the information that has been made available to the defendant[ ]' during the course of the case.") (quoting *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983)). To repeat, the Government submits that it has provided Defendant with a substantial volume of discovery. (*See* Docket No. 67 at 8). Additionally, counsel for the Government met with Defendant's original counsel in August 2022 and shared a PowerPoint, which summarized the alleged fraud, basis for the fraud counts, fraud losses, and the accompanying money laundering counts. (*Id.*; *see also* Docket No. 67-1). The PowerPoint also has been shared with Defendant's current counsel. (*Id.*). Given the Indictment itself, the discovery produced to Defendant, and the PowerPoint included with the Government's Response, the record indicates that Defendant has been sufficiently apprised of the particulars of the charges against him to permit him to prepare for trial. *See Urban*, 404 F.3d at 772 (affirming denial of bill of particulars where indictment provided more than enough information to prepare effective defense strategy and the defendants had access

through discovery to evidence relied upon by the Government). Accordingly, the Court declines to exercise its discretion to direct the Government to file a bill of particulars in this case.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 14th day of April, 2025, IT IS HEREBY ORDERED that Defendant's Motion for Bill of Particulars, (Docket No. 57) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record