UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SETH AIKENS,<br><br>Defendant. | Case No.: 2:22-CR-119<br><br>Filed Electronically |

**DEFENDANT'S RESPONSE TO FINDINGS OF FACT & CONCLUSIONS OF LAW BY USA**

AND NOW, comes the Defendant, Seth Aikens, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, responding to the Findings of Fact and Conclusions of Law by the Government, and avers as follows in support thereof:

**BACKGROUND**

Seth Aikens ("Mr. Aikens" hereinafter) was named in a superseding indictment at the above captioned Criminal Number, with counts 1 through 17 for wire fraud, counts 18 through 24 for mail fraud, and counts 25 through 30 for money laundering. Mr. Aikens has entered a plea of NOT GUILTY.

On May 2, 2025, a motions hearing was held where this Court heard Mr. Aikens' Motion to Dismiss for Spoliation of Evidence, along with his other pretrial motions. [Doc. 76] The Court ordered both Mr. Aikens and the Government to file Findings of Fact and Conclusions of Law relative to the motion to dismiss. [Doc. 76] The Government filed its Findings of Fact and Conclusions of Law on July 23, 2025 [Doc. 80] Mr. Aikens filed his Findings of Fact and Conclusions of law also on July 23, 2025 [Doc. 81] Due to arguments made in the Government's brief, this herein response follows.

Mr. Aikens hereby incorporates by reference the entire record in the above-captioned case, including any and all exhibits and arguments. *See, ECFS 1 through 82*.

### RESPONSE TO GOVERNMENT'S FINDINGS OF FACT

Without admitting any of the findings of fact in the Government's brief, Mr. Aikens hereby responds to certain portions which are incorrect, misleading, or yet-to-be decided.

First, the Government asserts on May 24, 2022, investigators "lawfully searched the residence of the Defendant." [Doc. 80, at 1]. As of August 6, 2025, a *Franks* hearing has not yet been granted to determine the validity of the warrants and the lawfulness of their execution.

Second, the Government discussed the "only [evidence]" presented for spoliation allegations. [Doc. 80, at 5-8] Specifically, paragraphs "q" and "r" misrepresent the argument by Mr. Aikens, and the Courts statement during the hearing. [Doc. 80, at 7-8].

Third, appended hereto as Attachment "A" is a letter to this Honorable Court from Mr. Aikens further expounding on the meeting with HSI regarding the ESI and his attempts to view it, as well as technical demonstrations for the Court.[1]

### RESPONSE TO GOVERNMENT'S CONCLUSIONS OF LAW

The Government contends that any argument toward a due process violation is "meritless." [Doc. 80, at 10] It reiterates the high standard under *California v. Trombetta*, 467 U.S. 479, 488 (1984), which states that a defendant must show (1) the government acted in bad faith, the presence or absence of which turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or

---

[1] Attached hereto are Exhibits 1 through 132.7, that are directly associated with Mr. Aikens's letter to this Court at Attachment A, which is incorporated by reference as though set forth at length herein.

destroyed; and (2) that the missing evidence is of such a nature that the defendant is unable to obtain comparable evidence by other reasonably available means. [Doc. 80, at 11] The Government claims in order to satisfy the bad faith requirement, Mr. Aikens must show malicious intent on behalf of the Government. [Doc. 80, at 12 *citing United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006).] It then also says that bad faith based on anything less than "knowing, outrageous government action is not actionable." [Doc. 80 at 12 *citing Grisby v. Blodgett*, 130 F.3d 365, 371 (9th Cir. 1997). It then concludes that because Mr. Aikens has not presented anything more than "mere speculation" that ESD has been destroyed, there are no grounds for relief. [Doc. 80, at 12].

Contrary to the Government's reliance on the Ninth Circuit, Third Circuit precedent paints a different picture of "bad faith." For example, the Court opined that a showing that the Government did not follow standard procedure could provide evidence of bad faith, although it is not alone to satisfy the showing. *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993). Bad faith turns on the "police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992). Clearly, Mr. Aikens need not show a specific "malicious intent" by the Government, nor "knowing, outrageous" conduct; rather, he merely needs to show that at the time of destruction, the examiners of the evidence <u>knew</u> of its exculpatory value.

Here, as evidenced by Attachment A, the Exhibits attached thereto, the whole of the record, and Mr. Aikens's previous brief of Findings of Fact and Conclusions of Law, there is clearly bad faith as required under *Trombetta*.

**CONCLUSION**

**WHEREFORE**, due to the permanent loss of access to the contemplated evidence, Mr. Aikens has been materially prejudiced, destroying his ability to prepare a defense, undermining any semblance of due process, and can only be remedied by the dismissal of the charges within the indictment.

                                                Respectfully Submitted,

                                                */s/ Frank C. Walker II*
                                                Frank C. Walker II

                                                PA I.D. No. 94840
                                                WV I.D. No. 11853

                                                FrankWalkerLaw
                                                3000 N. Lewis Run Road
                                                Clairton, PA 15025
                                                412.405.8556 Office
                                                412.202.9193 Fax

Date:  August 6, 2025                             Counsel for Seth Aikens